UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-010 |
| | § § | |
| SU THANA NGUYEN, *et al*, | § § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was tried by consent of the parties in a bench trial before the Court. Plaintiff Ocwen Loan Servicing, LLC ("Ocwen") and Defendant REOAM LLC ("REOAM") appeared by and through their counsel of record. The Court, having carefully considered the evidence admitted at trial, makes the following findings of fact and conclusions of law.

### I. FINDINGS OF FACT

1. On or about June 25, 2008, Su Thanh Nguyen and Hongdao Thi Vo (the "Borrowers") executed a Texas Home Equity Note (the "Note") in the principal amount of $370,500.00, originally payable to GMAC Mortgage, LLC d/b/a DiTech ("GMAC"). Concurrently with the execution of the Note, the Borrowers executed a Texas Home Equity Security Instrument (together with accompanying rider, "Security Instrument" and all together with the Note, "Loan Agreement"), as grantors, granting GMAC, its successors and assigns, a security interest in the real property and improvements located

at 2104 Rushing Spring Drive, Pearland, Texas 77584, and more particularly described as follows:

> LOT 21, IN BLOCK 1, FINAL PLAT OF SHADOW CREEK
> RANCH SF-21, A SUBDIVISION IN BRAZORIA
> COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT
> THEREOF RECORDED IN VOLUME 24, PAGE 96-97 OF
> THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS

(the "Property"). The Security Instrument is recorded in the Real Property Records for Brazoria County, Texas as Instrument Number 2008034847.

2. Under the terms of the Note, the Borrowers promised to make monthly payments and agreed that the lender could foreclose on the Property should they fail to pay as promised. The Borrowers defaulted on the Loan Agreement by failing to tender the proper amounts due under the agreement. The Loan Agreement is currently due for the May 1, 2010 payment and all subsequent monthly payments. Pursuant to the Security Instrument, Ocwen may foreclose on the Property in the event there is a default in the payment obligations on the Note.

3. Notice of default and request to cure was mailed to each of the Borrowers on June 30, 2010 via United States certified mail to the Property address, 2104 Rushing Spring Drive, Pearland, Texas 77584. In the Notice of Default, the Borrowers were advised that the loan was in default and that they needed to tender $10,184.52 within thirty (30) days from the date thereof to become current on the Loan Agreement. The Borrowers were also informed in the Notice of Default that their failure to timely bring

the loan current would result in an acceleration of the debt. Payment was not made to timely cure the default.

4. The Note was accelerated on August 24, 2010. Later, a written Notice of Rescission of Acceleration was recorded in the Real Property Records for Brazoria County, Texas as Instrument Number 2014036213 on or about August 25, 2014.

5. GMAC, as Ocwen's predecessor in interest, filed a Texas Rule of Civil Procedure 736 Expedited Foreclosure Action against the Borrowers on December 2, 2010 (No. 61076). That case was dismissed for want of prosecution on January 13, 2015. While No. 61076 was pending, GMAC filed another Texas Rule of Civil Procedure 736 Expedited Foreclosure Action against the Borrowers on September 22, 2011 (No. 65031). The second case was nonsuited by GMAC on August 26, 2014.

6. No foreclosure sale or suit for judicial foreclosure was conducted or brought during the four years after the loan was initially accelerated on August 24, 2010. While Ocwen's system of records indicates that, between July 18, 2013 and May 19, 2014, Ocwen sent nine statements to Borrowers requesting less than the total amount due on the loan, Ocwen offered no additional evidence that such statements were indeed sent or received by Borrowers.

7. In addition to being parties to the Loan Agreement, Borrowers were also obligated to the Village of Reflection Bay Homeowners Association Inc. (the "HOA" or "Association"), a non-profit corporation, by the "Declaration of Covenants, Conditions and Restrictions for Village of Reflection Bay" (the "Declaration"), recorded on December 23, 2003, in the Real Property Records of Brazoria County, Texas.

8. The Declaration provides that the HOA may assess liens for unpaid maintenance assessments. The Declaration states that such lien "shall be subordinate to . . . any first priority lien mortgages relating to the Lots or Tracts" of the development. Furthermore, the foreclosure of any lot pursuant to a "first priority lien mortgage or any proceeding in lieu thereof shall extinguish the lien of the Assessments."

9. The Borrowers failed to pay all of their assessments owed under the Declaration, and the HOA placed a lien on the Property. Pursuant to the lien, the HOA foreclosed on the Property and sold it at a foreclosure sale on January 6, 2015. At the foreclosure sale, the Property was purchased by a third party REOAM as evidenced by the Trustee's Deed recorded under instrument number 2015002114 in the Real Property Records of Brazoria County, Texas, on January 16, 2015.

10. GMAC Mortgage, LLC negotiated the Note to GMAC Bank as evidenced by the specific indorsement. GMAC Bank then negotiated the Note back to GMAC Mortgage, LLC as evidenced by the second specific indorsement on the Note. GMAC Mortgage, LLC then negotiated the Note to Ocwen with an indorsement in blank on the Note. Ocwen is the current holder of the Note.

## II. CONCLUSIONS OF LAW

### A. Standing

11. The "holder" of an instrument is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession. TEX. BUS. & COM. CODE § 1.201(b)(21). Under Texas law, if a note bears a blank endorsement, the party with physical possession of the note is entitled to collect on

it. *Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, 469 Fed.Appx 330, 331 (5th Cir. 2012). Any transfer of the instrument to a holder vests in the holder any right of the transferor to enforce the instrument. TEX. BUS. & COM. CODE § 3.203. When indorsed in blank, an instrument becomes payable to bearer or holder of the instrument. It may be negotiated by transfer of possession alone until specially indorsed. *Id.* at § 3.205(b).

12. The Court concludes that as the holder of the Note indorsed in blank, Ocwen has standing to enforce the Loan Agreement and foreclose on the loan.

13. Under Texas law, "[W]hen [a] third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale." *Reeves v. Wells Fargo Home Mortg.*, 544 Fed.Appx. 564, 568 (5th Cir. 2013) (citing *Goswami v. Metro Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988)).

14. The Court concludes that REOAM, which was deeded the property in exchange for valuable consideration on January 6, 2015 in a valid statutory HOA sale, is a third party that has an interest in the property and therefore has standing to allege that Ocwen may not foreclose on the property due to the passing of the statute of limitations.

**B. Limitations**

15. Under Texas law, a lienholder must foreclose on a real property lien not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.035(a). If the noteholder has the option to accelerate the lien, the date of accrual is the date of acceleration. *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.— Houston [1st Dist.] 2012, no pet.).

16. Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). The elements of waiver are "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish right, or intentional conduct inconsistent with the right." *Id.*

17. Abandonment (or waiver) of acceleration may be achieved when the acceleration party "unequivocally manifest[s] an intent to abandon the previous acceleration." *Boren v. U.S. Nat'l Bank Ass'n.*, 807 F.3d 99, 106 (5th Cir. 2015). Abandonment may also be achieved by agreement of the parties. *Id.* at 104.

18. The Court concludes the August 24, 2010 acceleration was an existing right, benefit, or advantage held by Ocwen under the Loan Agreement.

19. The Court concludes that Ocwen had actual knowledge of the August 24, 2010 acceleration because Ocwen's predecessor in interest, GMAC, referenced that right in two applications for Rule 736 Action.

20. The Court concludes that in light of the two applications for Rule 736 Action for expedited foreclosure filed by GMAC, as Ocwen's predecessor in interest, Ocwen did not unequivocally manifest an intent to abandon the August 24, 2010 acceleration by sending mortgage statements to the Borrowers.

21. The Court concludes that any re-acceleration of the loan during the four-year period beginning August 24, 2010 does not constitute evidence of waiver. *Swoboda v.*

*Ocwen Loan Servicing, LLC*, No. 4:13-cv-2986, 2015 WL 12778394, at *2 (S.D. Tex. Aug. 10, 2015).

22. The Court concludes that the fact that Ocwen may have requested less than the accelerated amount due in communications with the Borrowers does not constitute evidence of waiver.

23. Any of the foregoing findings of fact that contain conclusions of law shall be deemed to be conclusions of law, and any of the foregoing conclusions of law that contain findings of fact shall be deemed to be findings of fact.

**IT IS SO ORDERED.**

Signed at Galveston, Texas, this Febuary 12, 2018.

George C. Hanks, Jr.
United States District Judge