UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-00010 |
| SU THANA NGUYEN, *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff, Ocwen Loan Servicing, LLC's ("Ocwen"), Motion for Summary Judgment. Dkt. 131. Having been previously denied, the Court **ORDERS** that the motion be **REINSTATED** in light of the Fifth Circuit's recent decision in this matter. *See* Dkt. 244; *Murray v. Earle*, No. 06-50568, 2008 WL 1744257, 2008 U.S. App. LEXIS 7809, at *8-9 (5th Cir. 2008). After re-reviewing the motion, the response, the reply, and the supplemental briefing, the Court **GRANTS** Ocwen's motion for summary judgment. Dkt. 131.

### Factual Background and Prior Proceedings

On October 8, 2014, Ocwen filed this lawsuit against Defendants, Su Than Nguyen and Hongdao Thi Vo (collectively the "Borrowers"), for judicial foreclosure. Dkt. 1 at 4. Almost six months later, Ocwen amended its complaint to add REOAM, LLC ("REOAM") and the Internal Revenue Service as Defendants and to add two additional claims—a claim to "quiet title" and a request for a "writ of possession." Dkt. 41 at 7.

1 / 5

Subsequently, the Court dismissed the IRS from this matter and held a bench trial for the remaining parties.

After considering the evidence admitted at trial, the Court entered the following findings of fact: (1) the Borrowers "executed a Texas Home Equity Note to GMAC Mortgage, LLC" (the "Note");[1] (2) the Borrowers concurrently "executed a Texas Home Equity Security Instrument with the execution of the note...granting GMAC...a security interest in the real property and improvements located at 2104 Rushing Spring Drive" (the "Property");[2] (3) GMAC later negotiated the Note to Ocwen;[3] (4) the Borrowers "defaulted on [the Note and Security Instrument]";[4] (5) the Borrowers properly received "notice of default" on the Note and notice of "accelerat[ion]" of the Note;[5] (6) Ocwen currently holds the Note and has standing to foreclose on the Note and the Security Instrument;[6] and, (7) any interest REOAM had in the Property was subordinate to Ocwen's interest.[7] The Court also found that "Ocwen did not abandon or waive its acceleration [of the note] meaning that its foreclosure action was time-barred." Dkt. 244 at 2.

On appeal, the Fifth Circuit reversed the Court's finding that Ocwen's foreclosure action was time-barred. *Id.* However, the Fifth Circuit left all of the Court's other findings of fact and conclusions of law intact. *Id.* at 1 ("The only issue here is whether the statute of limitations provided under Texas Civil Practice and Remedies Code §

---

[1] Dkt. 215 at 1.
[2] *Id.*
[3] *Id.* at 4.
[4] *Id.* at 2.
[5] *Id.* at 2-3.
[6] *Id.* at 5.
[7] *Id.* at 4.

16.035(a), which delineates the time within which a lien-holder must bring suit for the foreclosure of real property, expired before appellant Ocwen Loan Servicing [] foreclosed its superior lien."). The case was then remanded for additional proceedings consistent with the Fifth Circuit's opinion.

After remand, Ocwen submitted supplemental briefing on its motion for summary judgment. Dkt. 251. Neither REOAM nor the Borrowers provided supplemental briefing of their own. The only claims remaining in Ocwen's motion for summary judgment are its claim for judicial foreclosure and its request for writ of possession. The Court has already disposed of Ocwen's claim to quiet title with its original finding that Ocwen's interest in the Property is superior to REOAM's. Dkt. 215 at 4.

## Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where the "'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Initially, the moving party bears the burden "of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (internal quotation marks omitted). If the moving party fulfills this responsibility, the non-moving party must then "go beyond the pleadings and by her own affidavits, or

by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (internal quotation marks omitted). Conclusory statements, speculation, and unsubstantiated assertions will not suffice to meet the non-movant's summary judgment burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). However, all evidence will be reviewed in the light most favorable to the non-moving party and all reasonable inferences will be drawn in the non-moving party's favor. *Adickes v. S.H. Kress*, 398 U.S. 144, 157 (1970).

## Analysis

Ocwen asserts that it is entitled to summary judgment on its cause of action for judicial foreclosure because no genuine issues of material fact exist as to this claim after remand. The Court agrees.

Under Texas law, a movant seeking summary judgment on a judicial foreclosure claim must establish five elements: (1) the existence of a "financial obligation," (2) a "lien securing" that financial obligation, (3) "default" on the obligation, (4) that the non-movant "received notice of default and acceleration," and (5) "that the property subject to foreclosure is the same property subject to the lien." *See Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (for elements 1,2,3, and 5); *see also Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n v. Millard*, No. A-15-CA-01035-SS, 2017 WL 3446033, 2017 U.S. Dist. LEXIS 126882, at *9 (W.D. Tex. 2017) (for element 4); *see also* Tex. Prop. Code § 51.002 (2017).

Here, Ocwen has provided sufficient evidence that there is no genuine dispute as to any material fact for each of these elements after remand. Accordingly, Ocwen is entitled to judgment as a matter of law on its judicial foreclosure claim. First, a valid financial obligation exists between the Borrowers and Ocwen. Dkt. 215 at 1. Second, a legally enforceable lien secures that obligation. *Id.* Third, the Borrowers defaulted on their obligation. *Id.* at 2. Fourth, the Borrowers received notice of default and acceleration on that obligation. *Id.* at 2-3. And fifth, the property subject to foreclosure is the same property subject to the lien. Dkt. 41 at 2; *c.f.* Dkt. 215 at 2. Therefore, it is appropriate to grant summary judgment in favor of Ocwen on its judicial foreclosure claim.

Finally, "under Texas Rule of Civil Procedure 310, a party seeking to foreclose on a property is entitled to a writ of possession once the court renders a judgment of foreclosure." *Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, 2017 U.S. Dist. LEXIS 126882, at *12 (quotations omitted). "Having concluded Plaintiff is entitled to a judgment of foreclosure, the Court grants Plaintiff's request for a judgment of writ of possession." *Id.*

## Conclusion

For the foregoing reasons, the Court **GRANTS** Ocwen's motion for summary judgment. Dkt. 131. This order has the "force and effect of a writ of possession." Tex. R. Civ. P. 310.

SIGNED at Galveston, Texas, this 11th day of February, 2019.

George C. Hanks Jr.